**VIAJES PUERTO RICO, INC., Plaintiff,**

v.

**Franklyn MARTINEZ–MONGE, Angel Toledo–Ortiz, Rafaela Flores, Hector M. Figueroa, Ruben Rosa–Toro, Carmen Vazquez, Rafael Acosta–Rivera, Federico Rentas–Romero, Antonio Ortiz–Roque, Norma L. Perez–Girard, Defendants.**

No. CIVIL 89–0027CC.

United States District Court, D. Puerto Rico.

May 25, 1989.

Paulita C. Maldonado–Nicolau, Puerto Nuevo, P.R., for plaintiff.

Héctor Rivera–Cruz, Secretary of Justice, Com. of P.R. by Rebeca F. Rojas, Federal Litigation Div., Dept. of Justice, San Juan, P.R., for defendants.

## OPINION AND ORDER

CEREZO, District Judge.

The case at bar in an action under 42 U.S.C. Section 1983, in which plaintiff Viajes Puerto Rico, Inc., alleged the violation of its rights under the Fourteenth Amendment of the United States Constitution. We now consider a Motion to Dismiss filed on March 3, 1989 (docket entry 7) by defendants, various Commonwealth of Puerto Rico officials, pursuant to Rule 12 of the Federal Rules of Civil Procedure, which was opposed by plaintiff on March 17, 1989 (docket entry 8).

The facts of this case, as averred in the complaint, are as follows: Viajes Puerto Rico, Inc., a corporation organized under the laws of Puerto Rico and dedicated to the travel business, is a bona fide bidder for the Commonwealth of Puerto Rico, registered as such with the General Services Administration (GSA) of the Commonwealth. On August 3, 1988, defendant Angel Toledo–Ortiz, Deputy Administrator of the GSA, issued invitation to bid No. VM–9–008. Its purpose was to contract with travel agencies the implementation of the student tours established by Law Number 32 of June 23, 1985, scheduled for the summer of 1989.

Plaintiff challenged this invitation to bid charging deficiencies, and, as a result, the bid was canceled. After a meeting with prospective bidders on September 1988, in which bidders were required to submit comments or recommendations to the invitation to bid, a Second Bid Amendment was issued by the GSA on October 7, 1988. It set the date of October 20, 1988 for the opening of bids.

On October 20, 1988, the date scheduled for the opening of bids, GSA issued a Third Bid Amendment which was received by plaintiff on October 26, 1988, the day before the scheduled bid openings. Precisely on October 26, GSA issued a Fourth Bid Amendment. Nevertheless, the bids were opened the following day, as scheduled. Only plaintiff and Marcie Travel, another travel agency registered as bidder with the GSA, submitted bids. On November 23, 1988, the Board of Bids of the GSA rejected plaintiff's offer because a mortgage note submitted as a bid bond was not registered at the Property Register of the Commonwealth, as required by law.

On December 2, 1988, plaintiff filed a petition with the Review Board of the GSA challenging the award of the bid to Marcie Travel. It was denied by the Board ten days later on the basis that the time established by its regulations to review bid adjudications had already elapsed.

On January 11, 1989, plaintiff filed this complaint under 42 U.S.C. § 1983 against defendants Franklin Martinez–Monge, Administrator of the GSA; Toledo; Norma Pérez–Girard, Interim Executive Director of the Governor's Office for Youth Affairs; Rafaela Flores, Héctor Figueroa, Rubén Rosa–Toro and Carmen Vázquez, members of the Board of Bids of the GSA; and Rafael Acosta–Rivera, Federico Rentas Romero and Antonio Ortíz–Roque, members of the Review Board of the GSA. Plaintiff claims that defendants, in issuing numerous amendments to the invitation to

bid, in failing to cancel the invitation to bid when no bidder complied with the conditions established, in not awarding the plaintiff the item of the invitation to bids in which he was the lowest bidder, and in not reviewing the adjudication of the bid as requested before the Review Board, deprived it of its rights to due process of law under the Fourteenth Amendment and under 42 U.S.C. § 1983. Plaintiff requested a preliminary injunction canceling the execution of any contract to be issued under the bid, or, the implementation of the contract if it has been executed, a permanent injunction enjoining defendants from violating plaintiff's rights, and monetary damages.

Defendants contend that the Court lacks jurisdiction to entertain this suit because it is an action against the Commonwealth which is barred by the Eleventh Amendment. Defendants cite extensively from the Supreme Court's decision in *Pennhurst State School and Hospital v. Haldeman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), and basically allege that the holding of that case—that a claim that state officials violated state law in carrying out their official responsibilities is a claim against the state that is protected by the Eleventh Amendment—is controlling over the case at bar. We disagree.

It is settled law that the Eleventh Amendment prohibits suits against a State by citizens of another State, as well as suits against a State by its own citizens. *See Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890).[1] The Eleventh Amendment also bars a suit against state officials when "the state is the real, substantial party in interest." *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). A suit against state officials that is in fact a suit against a State is barred, regardless of whether it seeks damages or injunctive relief. *Pennhurst, supra,* 465 U.S. at p. 102, 104 S.Ct. at 909.

The Supreme Court, however, has recognized an important exception to this general rule, by holding in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), that a suit to enjoin as unconstitutional a state official's action was not barred by the Eleventh Amendment. The *Young* decision was qualified by the Court in *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), when it stated that "when a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief." *See Pennhurst, supra,* 465 U.S. at pp. 102–3, 104 S.Ct. at 909–10. The rational behind the *Young* doctrine was the need to permit the federal courts to vindicate federal rights and hold state officials responsible to the supreme authority of the United States. *Young, supra,* 209 U.S. at p. 160, 28 S.Ct. at 454; *Pennhurst, supra,* 465 U.S. at p. 105, 104 S.Ct. at 910.

Applying these principles to the present case, we must reject defendants' contention that this suit is barred by the Eleventh Amendment. Although it is evidently an action against Commonwealth officials, which is ordinarily barred by the Amendment, plaintiff expressly argued that defendants acted unconstitutionally under both a federal law, 42 U.S.C. § 1983, and the Constitution (the Fourteenth Amendment), which places this suit under the exception permitted by *Ex Parte Young, supra.* It is precisely this fact that renders inapplicable the holding of *Pennhurst, supra,* for the simple reason that plaintiff is not seeking to vindicate rights based on state law. The plaintiff's position is not that it could hold the defendants liable under Puerto Rico's law, but rather, that it has been injured by defendants' failure to implement the Commonwealth's statute and regulation (Law Number 196 of August 4, 1979, and the Bids Regulation of the GSA) to the extent required by federal law and the Constitution. *Pennhurst,* therefore, is not controlling, for it "speaks not to this situation but proscribes federal courts from requiring states to conform their conduct to state law

---

**1.** "Puerto Rico, despite the lack of formal statehood, enjoys the shelter of the Eleventh Amendment in all respects." *Ezratty v. Commonwealth of P.R.,* 648 F.2d 770, 776 n. 7 (1st Cir.1981).

*qua* state law." *David D. v. Dartmouth School Committee,* 775 F.2d 411, 423 (1st Cir.1985). *See also Román–Meléndez v. Inclán,* 641 F.Supp. 998 (D.P.R.1986). We, therefore, hold that the Eleventh Amendment does not bar the present action against the defendants.

Defendants also contend in their motion to dismiss that plaintiff's due process claim, even if not barred by the Eleventh Amendment, is legally insufficient and must be dismissed for failure to state a cognizable claim under 42 U.S.C. § 1983. For purposes of this determination, we must take the well-pleaded factual allegations of the complaint as true. Construing these facts in the light most favorable to the plaintiff, we must ascertain whether they state a claim on which relief could be granted. *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1985).

Plaintiff's complaint alleges an "illegal deprivation of his rights to a due process of law." We must understand this allegation as meaning that defendants, in not subscribing strictly to the bidding procedure established by Puerto Rico's applicable laws and regulations, deprived plaintiff of its property without due process of law. But it has been held that not every alleged legal or procedural violation of state law creates constitutional claims. *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822, 831 (1st Cir.1982). The Supreme Court has expressly established that for a claim to reach constitutional magnitude and be cognizable under section 1983, it must be alleged that defendants acted under color of state law, that plaintiff was deprived of constitutionally protected property interest because of defendants' actions, and that the deprivation occurred without due process of law. *Parratt v. Taylor,* 451 U.S. 527, 536–537, 101 S.Ct. 1908, 1913–14, 68 L.Ed.2d 420 (1981).

Reading the complaint in the light most favorable to the plaintiff, we must conclude that it properly alleged that defendants acted under color of state law. That fact is not even disputed by the defendants. The harder question is whether plaintiff proper-

ly alleged that it was deprived of constitutionally protected property because of defendants' actions. To determine this, we must decide first if the interest claimed by plaintiff is a property interest protected by the Fourteenth Amendment.

 It is generally recognized that property rights, although protected by the Constitution, are created by state law. *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Moreover, in order to have a property interest in a government benefit, the party making the claim must show that it has a "legitimate claim of entitlement." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Defendants argue that plaintiff does not have a property right precisely because no Commonwealth law creates such a right for disappointed bidders; and similarly state that, due to the discretion of the Board of Bids in awarding the contracts, plaintiff cannot claim it was legitimately entitled to receive the award merely by being the lowest bidder, as alleged in the complaint. Plaintiff claims, however, that Law Number 196 of August 4, 1979, as amended, 3 P.R. Laws Ann. Section 933a, and the Bid's Regulations, expressly vest a property right on the lowest bidder when the offer is within the terms, conditions and specifications of the competitive bidding.

We need not resolve, however, whether Puerto Rico's law confers a property interest on unsuccessful bidders for public contracts that comply with the terms, conditions and specifications of the competitive bidding because plaintiff did not even comply with those conditions. It must be remembered that plaintiff openly admitted in the complaint that the mortgage note it submitted as a bid bond was not registered at the Property Register, as required by law, 30 P.R. Laws Ann. Section 259. Although plaintiff alleges that defendants, by the numerous amendments which they made to the invitation to bid, were responsible for the only deficiency in its offer, we cannot agree with its contention. After all, by its own admission (*see* complaint) it was a bona fide bidder for the Commonwealth

of Puerto Rico, and hence must have known of that requisite well in advance of the invitations to bid.

Accordingly, we conclude that under the circumstances of this case, plaintiff does not have a property interest which is entitled to constitutional protection, and, therefore, no due process violation could have occurred. Absent the allegation of a constitutional violation, no cognizable claim has been stated under Section 1983.

The Court need not reach the standing issue also raised by defendants since the lack of a cognizable claim under 42 U.S.C. § 1983 is dispositive.

The Motion to Dismiss filed by defendants is hereby GRANTED.

SO ORDERED.